IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES of AMERICA                                                    PLAINTIFF/RESPONDENT

V.                               No.  3:13-CV-03011
                                 No.  3:11-CR-30006

FRANKIE MAYBEE                                                              DEFENDANT/PETITIONER

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions, (*ECF No.* 87) filed January 14, 2013, under 28 U.S.C. §2255.  The Government filed its Response, (*ECF No.* 91) on February 14, 2013, and the Petitioner [has not filed a Reply] or the Petitioner filed his Reply, *(ECF No.* 92) on March 4, 2013. The Government filed a Surreply on March 14, 2013.

### I.  Background

On April 6, 2011, a six-count indictment was returned against Maybee and his co-defendant Sean Popejoy, charging them with one count of conspiring to commit a hate crime in violation of 18 U.S.C. § 371 and of five counts of committing a hate crime in violation of 18 U.S.C. § 249. In compliance with 18 U.S.C. § 249, Assistant Attorney General Thomas Perez, who had been delegated powers of certification by Attorney General Eric Holder, certified charging petitioner Maybee with a violation of 18 U.S.C. § 249, prior to the filing of the indictment. See 18 U.S.C. § 249 (requiring certification by the Attorney General, or his designee); 75 Fed. Reg. 69870-69871 (November 16, 2010) (amending 28 C.F.R. § 0 "to delegate the Attorney General's certification authority under 18 U.S.C. 249, relating to hate

crimes, to the Assistant Attorney General for the Civil Rights Division….").

On May 19, 2011, Maybee was convicted after jury trial on all counts. On June 2, 2011, after having orally made a motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure during trial, Maybee filed a renewed motion for judgment of acquittal, a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, and motion for arrest of judgment under Rule 34 of the Federal Rules of Criminal Procedure. Maybee argued that the evidence was insufficient to sustain the jury's verdict, that the evidence weighed heavily against the verdict, and that 18 U.S.C. § 249 is unconstitutional. (ECF No. 39) The Court rejected all of these arguments and denied Maybee's motion in all respects. (ECF No. 41).

Maybee was sentenced on September 28, 2011, to 135 months imprisonment, three years supervised release, a $10,000.00 fine, and $5,440.00 restitution.  On October 10, 2011, defendant Maybee filed a notice of intent to appeal. (ECF No. 60). On March 15, 2012, defendant Maybee filed an appeal with the United States Court of Appeals for the Eighth Circuit challenging his convictions and sentencing. Maybee again argued that the evidence was insufficient to sustain the jury's verdict, that the evidence weighed heavily against the verdict, and that 18 U.S.C. § 249 is unconstitutional. Maybee further argued that trial counsel provided ineffective assistance of counsel by not requesting instructions on entrapment and self defense and by failing to present character witnesses. Maybee also raised, for the first time, cursory arguments regarding constructive amendment, variances, insufficiency of indictment and evidence, judgment, and sentencing. The Eighth Circuit rejected defendant's arguments regarding sufficiency and weight of the evidence, and constitutionality, and found that no plain error

existed for the newly raised issues.1 ECF No. 75-1. The convictions and sentence were affirmed by the Eighth Circuit on August 6, 2012. On September 18, 2012, defendant Maybee petitioned the Supreme Court for a writ of certiorari. On October 29, 2012, the Supreme Court denied Maybee's petition for writ of certiorari. (ECF No. 79).

The Defendant filed the current motion under 29 U.S.C. §2255 on January 14, 2013 claiming (1) Government Misconduct, (2) Judicial Misconduct, (3) Ineffective Assistance of Trial Counsel, and (4) Ineffective Assistance of Appellate Counsel.

## II.  Discussion

**1.  Government [Prosecutorial] Misconduct**

The Defendant first contends that the Government committed misconduct in seeking an Indictment against him for violation of 18 U.S.C. §371.  (ECF No. 87, p. 5).  The Petitioner contends that the Government did not comply with the certification requirement of 18 U.S.C. §249(b) which provides:

> (1) In general.--No prosecution of any offense described in this subsection may be undertaken by the United States, except under the certification in writing of the Attorney General, or a designee, that--
>
>   (A) the State does not have jurisdiction;
>
>   (B) the State has requested that the Federal Government assume jurisdiction;
>
>   (C) the verdict or sentence obtained pursuant to State charges left demonstratively unvindicated the Federal interest in eradicating bias-motivated violence; or
>
>   (D) a prosecution by the United States is in the public interest and necessary to secure substantial justice.

The Government has provided a Certificate of the Attorney General, dated February 4,

2011, signed by Assistant Attorney General Thomas Perez, stating that the commencement of the was "in the public interest and necessary to secure substantial justice". (ECF No. 91-1). After the certification was obtained pursuant to 18 U.S.C. §249 (b) the evidence was presented to a Grand Jury who Indicted the Defendant on April 6, 2011. (ECF No. 1).

The Defendant's contention that the Government committed misconduct by seeking an Indictment prior to Certification is without merit.

## 2. Judicial Misconduct:

### a. Certification

The Defendant complains that the court committed Judicial Misconduct by failing to review the government's basis for its certification. (ECF No. 87, p. 11). Judicial review of an Attorney General's certification under 18 U.S.C. §249(b)(1) is inappropriate where the statute is devoid of any provision for judicial review or a standard of review under which such a review could be conducted. *U.S. v. Jenkins* 2012 WL 4887389, 12 (E.D.Ky.) (E.D.Ky.,2012). The court finds the Attorney General had the appropriate certification and that Judicial Review would have been inappropriate.

### b. Evidentiary

The Defendant next complains of a number of evidentiary ruling made by the trial court (ECF No. 87, pp. 12-13). These objections are as follows:

> Second Plain Error: The court committed error by allowing medical doctors to testify concerning the injuries sustained by the victims.
>
> Third Plain Error: The court allowed certain statements made by the Defendant to be admitted in error.
>
> Fourth Plain Error: Court held that no "nexus of 'Interstate Commerce' " was required to

be proved by the Government. This court has not been directed to the specific ruling that the court made on this issue.  In the court's order denying the Motion for Judgment of Acquittal or in the Alternative for a new Trial and Motion for Arrest of Judgment (ECF No. 41) the court can find no reference to the Interstate Commerce Nexus.  Regardless, this specific argument was not raised on appeal. The Defendant did contests the constitutionality of 249 but on other grounds and the constitutionality was upheld by the 8th Circuit.[1]  The nexus argument will be addressed in the argument dealing with appellate counsel.

Fifth Plain Error: Alleged Discovery violations.

Sixth Plain Error: Court failed to give a lesser included misdemeanor instruction.

Seventh Plain Error: Claims the court erred in allowing the conspiracy conviction to stand.

Eighth Plain Error: Court awarded restitution.

A § 2255 is "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus" (See *Davis v. United States*, 417 U.S. 333, 343, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974)) but it is not a substitute for direct appeal. (See  *U.S. v. Wilson*,  997 F.2d 429, 431 (C.A.8 (Ark.),1993)).  Non-constitutional and non-jurisdictional claims are generally procedurally foreclosed to a section 2255 petitioner if not raised on direct appeal. *Brennan v. U.S.*, 867 F.2d 111 at 120; *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir.1988). A petitioner simply cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992); see *Davis v. United States*, 417 U.S. 333, 345 & n. 15 (1974) (federal prisoner cannot assert on collateral attack a non-constitutional claim that was not raised

---

[1] The parties agree that the constitutionality of § 249(a)(1) depends on whether it is a proper exercise of Congress's power under Section Two of the Thirteenth Amendment "rationally to determine what are the badges and incidents of slavery" and to abolish them.  *See U.S. v. Maybee*  687 F.3d 1026, 1030 (C.A.8 (Ark.),2012)

on direct appeal); *U.S. v. Capua*, 656 F.2d 1033 at 1037 (1981), *Anderson v. U.S.* 25 F.3d 704, 706 (C.A.8 (N.D.),1994)

The Defendant's second, third, fifth, sixth, seventh, and eighth plain error arguments were not raise on appeal and were waived and, therefore, barred.

### 3. Ineffective Assistance of Trial Counsel:

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000); 2254. *Cox v. Wyrick,* 642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

The Defendant contends that his trial counsel was ineffective in the following ways:

**a. Failed to challenge §249: (ECF No. 87, p. 14)**

In points 1-4 the Defendant contends his attorney was ineffective for failing to challenge constitutional aspects of §249. All of these arguments are meritless. The 13th Amendment

constitutional argument was raised on appeal and denied. The Interstate Commerce Nexus argument is discussed below and found to be without merit. It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.* 905 F.2d 218, 219 (C.A.8 (Minn.),1990)

  **b. Evidentiary Issues: (ECF No. 87, p. 15)**

In points 5-6 deal with evidentiary issues concerning the testimony by "doctors" as to the injuries sustained by the victims and statements made by the defendant. (ECF No. 87, p. 15). Section 249(a)(1) explicitly states that "whoever … willfully causes bodily injury to any person or, through the use of …a dangerous weapon, … attempts to cause bodily injury to any person, because of the actual or perceived race, color, religion, or .national origin of any person" shall be guilty of an offense against the United States. 18 U.S.C. § 249. The government charged Maybee with both theories of § 249 -- willfully causing bodily injury and attempting to cause bodily injury by use of a dangerous weapon. The evidence was relevant and admissible and as noted above it would be meritless for his attorney to object. Admissions are governed by the Federal Rules of Evidence and the Defendant has failed to articulate why he believes that his attorney could have successfully suppressed such statements.

  **c. Failure to Investigate: (ECF No. 87, p. 15)**

In point 7 the Defendant contends that his attorney" failed to investigate the matter." The Defendant's allegation is not really that his attorney failed to investigate but he complains that trial counsel failed to fully cross-examine government witnesses and complains that trial counsel did not ask certain questions that Maybee desired.

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *U.S. v. Rice*, 449 F.3d 887 at 897 (*quoting*

*Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). See also *Francis v. Miller*, 557 F.3d 894 (8th Cir. 2009) (trial strategy decision, if reasonable at the time, cannot support ineffective assistance claim even if, in hindsight, better choices could have been made).

Specifically, Maybee complains that trial counsel did not ask about Maybee's "work with search and rescue dealing with all races and character," did not ask whether medical records established that the victims had used drugs and alcohol, did not ask whether a victim bought other victims alcohol, and did not ask whether two victims were not citizens. Trial counsel's decision not to ask these questions do not constitute deficient performance, but were strategic decisions that cannot form the basis of a successful ineffective assistance claim. For example, questions about specific good acts to establish a defendant's good character, such as the questions sought by Maybee, had little probative value as the government only need prove that Maybee committed the charged acts because of race, NOT that Maybee was a racist. See 18 U.S.C. §249. Similarly, questions about the victim's citizenship status were irrelevant to the crime charged and did not negate any element of the crime. Questions about certain victims' medical records, none of whom were driving, and possible intoxication (and the evidence indicates only one victim had anything to drink that night), were both irrelevant and likely to repulse a jury who heard of extensive and serious injuries suffered at the hands of Maybee. In short, Maybee now complains of sound strategic decisions made by trial counsel, not deficient performance.

Maybee alleges that trial counsel was deficient for failing to object to the government not calling two victims as witnesses, however, Maybee fails to establish that these witnesses would have provided any information helpful to his case.

"The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . " *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985); see also *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir.1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel).

The Defendant also faults his attorney for failing to "solicit testimony from the Government witnesses which would have disclosed acts of heroism dealing with all races in the Search & Rescue field". (Id., p. 15). Conclusory allegations that are unsupported by the facts do not provide a basis for either an evidentiary hearing or postconviction relief. *See Hayes v. State*, 280 Ark. 509, 660 S.W.2d 648 (1983); *Greene v. State* 356 Ark. 59, 66-67, 146 S.W.3d 871, 877 (Ark.,2004).

### d. Failure to Call Witnesses: (ECF No. 87, p. 17)

The Defendant next contends that his attorney was ineffective for failing to call a number of witnesses on his behalf. The included Scott McGee, Ann, Paige, and Kelsey (customers at the Red X), the cashier at the Red X, and Dustin McCoy and his girlfriend (fixing flat at the Red X). (ECF No. 87, p. 16). The Defendant contends these people were eye witnesses to the altercation and "could have impeached testimony of Popejoy & Simer. (Id., p. 17). The Defendant does not provide any affidavit from any of the alleged witnesses not proffer any specific testimony. There is no showing that the result of the trial would have been impacted by the Defendant's attorney calling these witnesses.

The Defendant then claims that an additional six witnesses that his attorney failed to call could have "impeached testimony of Popejoy & Simer". (ECF No. 87, p. 17). These witnesses

were Shelby, Jesse, Chad Inman, Owner of the property where the truck was found, Sanchez parole officer, and the tow truck operator. Again, the Defendant has failed to demonstrate how these witnesses would specifically impeach the testimony of Popejoy and Simer but even if they testified about the facts that the Defendant has asserted it would not overcome the governments case. The Defendant has failed to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005).

**4. Ineffective Assistance of Appeals Counsel:**

The Defendant contends that his Appeal Counsel was ineffective because he "refused to entertain any issue or research sent to him by the Movant in the appeal process". (ECF No. 87, p. 19). The Defendant does not state any specific claim against his Appellate Counsel but states that he is relying on the same "legal grounds contained in Issue 3 to support his argument here". (Id., p. 18).

The Defendant contends that the HCPA requires an Interstate Commerce Nexus. (ECF No. 92, p. 7). The Government argues that this argument was "properly rejected by the Court and the Eighth Circuit" citing ECF No. 41 and 75-1. (ECF No. 91, p. 15). It appears, however, that the trial court and the Eighth Circuit dealt with a 13th Amendment issue and did not address an Interstate Commerce Nexus claim. The Eighth Circuit stated that "Maybee raises a narrow challenge to the constitutionality of 18 U.S.C. § 249(a)(1)...The parties agree that the constitutionality of § 249(a)(1) depends on whether it is a proper exercise of Congress's power under Section Two of the Thirteenth Amendment "rationally to determine what are the badges and incidents of slavery" and to abolish them... Because we find no support for Maybee's reading

of Bledsoe, Allen, and Nelson and because Maybee raises no other substantive arguments, his narrow challenge to the constitutionality of § 249(a)(1) fails." *U.S. v. Maybee* 687 F.3d 1026, 1030 (C.A.8 (Ark.),2012).

18 U.S.C. A. §249(a)(2)(B) states: For purposes of subparagraph (A), the circumstances described in this subparagraph are that--

>    (I) the conduct described in subparagraph (A) occurs during the course of, or as the result of, the travel of the defendant or the victim–
>    (I) across a State line or national border; or
>    (II) using a channel, facility, or instrumentality of interstate or foreign commerce;
>
>    (ii) the defendant uses a channel, facility, or instrumentality of interstate or foreign commerce in connection with the conduct described in subparagraph (A);
>
>    (iii) in connection with the conduct described in subparagraph (A), the defendant employs a firearm, dangerous weapon, explosive or incendiary device, or other weapon that has traveled in interstate or foreign commerce; or
>
>    (iv) the conduct described in subparagraph (A)--
>    (I) interferes with commercial or other economic activity in which the victim is engaged at the time of the conduct; or
>    (II) otherwise affects interstate or foreign commerce.

The statute requires the Government to allege and prove beyond a reasonable doubt a jurisdictional nexus, establishing an explicit connection between the prohibited conduct and interstate commerce. The statute expressly criminalizes conduct in which the defendant used a weapon that traveled in interstate commerce or an instrumentality of interstate commerce.

The Indictment alleged that the Defendant, after a confrontation with the victims, "ran to and entered Frankie Maybee's truck in order to pursue the vehicle occupied by" the victims (ECF No. 1, ¶2) and that he drove his truck and "repeatedly rammed the vehicle" occupied by the victims. (Id., ¶5). The evidence ultimately introduced was that this action occurred on U.S.

Highway 412[2] in the Western District of Arkansas. (ECF No. 75-1, p. 2).

The Sixth Circuit has stated that "If wholly intrastate non-economic activity can be transformed into conduct that the federal government may punish simply because the defendant used a car or a road to get there, the Interstate Commerce Clause continues to cast a very large shadow, indeed, and very little activity remains in the exclusive province of the police powers of the state. Even so, this is the ultimate outcome of the current prevailing constitutional precedents in this Circuit as applied to these facts. Therefore, as the HCPA § 249(a)(2) regulates activity that is within the power of Congress under the Interstate Commerce Clause, federal jurisdiction is appropriate under this statute generally and as applied to this case". *U.S. v. Jenkins* 2012 WL 4887389, 10 (E.D.Ky.) (E.D.Ky.,2012).

The Sixth Circuit has held that "cars are themselves instrumentalities of commerce, which Congress may protect." *United States v. McHenry*, 97 F.3d 125, 126 (6th Cir.1996) (*quoting United States v. Oliver*, 60 F.3d 547, 550 (9th Cir.1995)). In fact, motor vehicles have been described as "the quintessential instrumentalities of modern interstate commerce." Id. (*quoting United States v. Bishop*, 66 F.3d 569, 588–90 (3d Cir.1995)). According to the Lopez Court, as an instrumentality, cars may be regulated and protected "even though the threat may come only from intrastate activities." 514 U.S. at 558, 115 S.Ct. 1624. That has prompted this Circuit to find that instrumentalities of interstate commerce like cars are considered to "retain the inherent potential to affect commerce." *McHenry*, 97 F.3d at 127. The Defendant committed the

---

[2] U.S. Route 412 is an east–west United States highway, first commissioned in 1982. The Arkansas section starts at the Oklahoma line, runs through the scenic Ozark Mountains in the northern part of Arkansas, and leaves the state at the Missouri Bootheel. Cities along the route include Siloam Springs, Springdale, Alpena, Harrison, Cotter, Mountain Home, Salem, Walnut Ridge, and Paragould. In Harrison, U.S. Route 412 is concurrent with both US 62 and US 65.

assault using an instrumentality of interstate commerce.

Channels of commerce are "the interstate transportation routes through which persons and goods move [including] highways, railroads, navigable waters and airspace." *Morrison*, 529 U.S. at 613, 120 S.Ct. 1740; *United States v. Faasse*, 265 F.3d 475, 490 (2001). Thus when the Defendant committed the assault on U.S. 412 he did so via a channel of interstate commerce.

To establish ineffective assistance of appellate counsel, Defendant must show appellate counsel's performance was deficient, and prejudice from that deficiency. *Strickland,* 466 U.S. at 687-88; *Becht v. United States*, 403 F.3d 541, 545 (8th Cir.2005). The deficient performance standard is rigorous. On appeal, appellate counsel is expected to winnow the issues and highlight those issues that are most likely to prevail. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal."); *Gee v. Groose*, 110 F.3d 1346 (8th Cir.1997) ("Reasonable appellate strategy requires an attorney to limit the appeal to those issues counsel determines have the highest likelihood of success."); *Otey v. Grammar*, 859 F.2d 575 (8th Cir.1987) ("This process of 'winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.'"). "It is the obligation of any lawyer - whether privately retained or publicly appointed - not to clog the courts with frivolous . . . appeals." *Polk County v. Dodson*, 454 U.S. 312, 323 (1981); *Parker v. Bowersox*, 94 F.3d 458, 462 (8th Cir.1996) ("To perform competently under the Sixth Amendment, counsel is neither required nor even advised to raise every conceivable issue on appeal."). Therefore, absent contrary evidence, "we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *Roe v. Delo*, 160

F.3d 416, 418 (8th Cir.1998) (quotation omitted).

In this case the appellate counsel correctly winnowed out the meritless claim that no Interstate Commerce Nexus existed and argued a constitutional claim under the 13th Amendment which was a matter of sound appellate strategy.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this April 17, 2013.

　　　　　　　　　　　　　　　　　　　/s/ J. Marschewski
　　　　　　　　　　　　　　　　　　　HONORABLE JAMES R. MARSCHEWSKI
　　　　　　　　　　　　　　　　　　　CHIEF U. S. MAGISTRATE  JUDGE